```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: `1/20/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeriel Alexander,

                          Plaintiff,

-against-

Private Protective Services, Inc.,

                          Defendant.

1:19-cv-10004 (JPO) (SDA)

**ORDER OF SERVICE**

**STEWART D. AARON, United States Magistrate Judge:**

Pursuant to 28 U.S.C. § 1915, the Court has made diligent efforts to serve process on Defendant on behalf of Plaintiff, who is proceeding in this action without prepayment of fees, that is, *in forma pauperis*. (*See* ECF Nos. 4, 15.) Those efforts have proven unsuccessful.[1]

Because Defendant is a corporation, Plaintiff has the option of effecting service on Defendant via personal service on the New York Secretary of State, as statutory agent for service of process on a business corporation. *See* Fed. R. Civ. P. 4(h)(1)(a); N.Y. C.P.L.R. 311; N.Y. Bus. Corp. Law § 306. Such service entails a $40.00 statutory fee, which the Court may not pay on Plaintiff's behalf, notwithstanding Plaintiff's *in forma pauperis* status. *See Malik v. Lavalley*,

---

[1] On December 3, 2019, the Court directed the U.S. Marshals Service to effect service on Defendant; however, that service attempt failed due to an "insufficient address." (*See* Order of Service, ECF No. 8; Marshal's Process Receipt and Return, ECF No. 10.) On March 11, 2020, the Court directed the Marshals Service to effect service on Defendant at an updated service address; however, that attempt at service also failed, and building security at the service address informed the server that Defendant had moved out in November 2019. (*See* Am. Order of Service, ECF No. 16; Marshal's Process Receipt and Return, ECF No. 17.) On November 2, 2020, the Court again directed the Marshals Service to effect service on Defendant at an updated address; that attempt failed as well. (*See* Order of Service, ECF No. 19; Marshal's Process Receipt and Return, ECF No. 20 ("[U]nable to serve as addressed.").) On December 16, 2020, the Court directed the Marshals Service to effect service on Defendant via Defendant's CEO (at a different address); that attempt failed when that officer "could not be located at the address provided." (*See* Order of Service, ECF No. 21; Marshal's Process Receipt and Return, ECF No. 23.)

994 F.2d 90, 90 (2d Cir. 1993); *Fisch v. Republic of Poland*, No. 07-cv-07204 (LAP) (KNF), 2007 WL 3120274, at *2 (S.D.N.Y. Oct. 23, 2007).

Accordingly, if Plaintiff wishes to pursue this case, he shall, no later than February 20, 2021, mail (i) a check in the amount of $40.00, made payable to "Department of State," along with (ii) a copy of this Order, to the U.S. Marshals Service for the Southern District of New York (the "Marshals Service") at the following address:

U.S. Marshals Service
Southern District of New York
Attn: Civil Section
500 Pearl Street, Suite 400
New York, NY 10007

If the Marshals Service receives the check and a copy of this Order from Plaintiff, the Marshals Service promptly shall so advise the Court so that the Court may enter an appropriate Order regarding effectuation of service of process on the New York Secretary of State.

If Plaintiff fails to forward the required check and copy of this Order to the Marshals Service within the time set forth in this Order, I shall recommend to Judge Oetken that this case be dismissed for failure to prosecute.

The Clerk of Court shall mail a copy of this Order to Plaintiff. My Chambers will forward a copy of this Order to the Marshals Service.

**SO ORDERED.**

DATED:    New York, New York
          January 20, 2021

_____
STEWART D. AARON
United States Magistrate Judge